**ORIGINAL**

**DAVID P. COOPER, OSB No. 88036**
Email: cooper@khpatent.com
**ELIZABETH A. TEDESCO, OSB No. 05093**
Email: tedesco@khpatent.com
KOLISCH HARTWELL, P.C.
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone: (503) 224-6655
Facsimile: (503) 295-6679

**SETH H. OSTROW**
Email: sostrow@dreierllp.com
**ARIANNA FRANKL**
Email: afrankl@dreierllp.com
DREIER LLP
499 Park Avenue
New York, New York 10022
Telephone: (212) 328-6100
Facsimile: (212) 328-6101

Attorneys for plaintiff NetRatings, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NETRATINGS, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**WEBTRENDS, INC.**, a Delaware corporation,<br><br>Defendant. | Civil No. CV'06 1420 HA<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

For its complaint, plaintiff NetRatings, Inc. ("NetRatings") alleges against defendant WebTrends, Inc. ("WebTrends") as follows:

Page 1 – COMPLAINT FOR PATENT INFRINGEMENT

## THE PARTIES

1. NetRatings is a Delaware corporation with its principal place of business at 120 West 45th Street, New York, New York 10036. NetRatings is in the business of providing products and services relating to Internet audience measurement and analysis.

2. Upon information and belief, WebTrends is a Delaware corporation with its headquarters at 851 SW 6th Ave, Suite 700, Portland, Oregon 97204. WebTrends is in the business of providing products and services relating to Internet audience measurement and analysis.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §§ 1400(b).

## BACKGROUND

5. NetRatings and WebTrends offer products within the same Internet audience measurement and analysis market.

6. On October 7, 1997, United States Patent No. 5,675,510 (the "'510 Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to Coffey, et al. NetRatings is the owner by assignment of the '510 Patent. A true copy of the '510 Patent is annexed hereto as Exhibit A.

7. On September 5, 2000, United States Patent No. 6,115,680 (the "'680 Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to Coffee, et al.

NetRatings is the owner by assignment of the '680 Patent. A true copy of the '680 Patent is annexed hereto as Exhibit B.

8.      On August 22, 2000, United States Patent No. 6,108,637 (the "'637 Patent"), entitled CONTENT DISPLAY MONITOR, duly and legally issued to Blumenau. NetRatings is a joint owner by assignment of the '637 Patent and has the exclusive right to enforce the '637 Patent against WebTrends. A true copy of the '637 Patent is annexed hereto as Exhibit C.

9.      On October 24, 2000, United States Patent No. 6,138,155 (the "'155 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE AND CREATING CLIENT PROFILES AND RESOURCE DATABASE, duly and legally issued to Davis, et al. NetRatings is the owner by assignment of the '155 Patent. A true copy of the '155 Patent is annexed hereto as Exhibit D.

10.     On July 13, 2004, United States Patent No. 6,763,386 (the "'386 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE DOWNLOADED FROM A SERVER, duly and legally issued to Davis, et al. NetRatings is the owner by assignment of the '386 Patent. A true copy of the '386 Patent is annexed hereto as Exhibit E.

## COUNT I

**(Infringement of United States Patent No. 5,675,510)**

11.     NetRatings repeats the allegations contained in Paragraphs 1 through 10 as though fully set forth herein.

12.     Upon information and belief, WebTrends has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '510 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or

NetRatings is the owner by assignment of the '680 Patent. A true copy of the '680 Patent is annexed hereto as Exhibit B.

8.      On August 22, 2000, United States Patent No. 6,108,637 (the "'637 Patent"), entitled CONTENT DISPLAY MONITOR, duly and legally issued to Blumenau. NetRatings is a joint owner by assignment of the '637 Patent and has the exclusive right to enforce the '637 Patent against WebTrends. A true copy of the '637 Patent is annexed hereto as Exhibit C.

9.      On October 24, 2000, United States Patent No. 6,138,155 (the "'155 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE AND CREATING CLIENT PROFILES AND RESOURCE DATABASE, duly and legally issued to Davis, et al. NetRatings is the owner by assignment of the '155 Patent. A true copy of the '155 Patent is annexed hereto as Exhibit D.

10.     On July 13, 2004, United States Patent No. 6,763,386 (the "'386 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE DOWNLOADED FROM A SERVER, duly and legally issued to Davis, et al. NetRatings is the owner by assignment of the '386 Patent. A true copy of the '386 Patent is annexed hereto as Exhibit E.

## COUNT I

**(Infringement of United States Patent No. 5,675,510)**

11.     NetRatings repeats the allegations contained in Paragraphs 1 through 10 as though fully set forth herein.

12.     Upon information and belief, WebTrends has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '510 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or

more of its products, including, but not limited to, WebTrends Analytics 8, WebTrends 7, WebTrends Reporting Series, WebTrends Marketing Lab, SmartSource Data Collector and Data Management, WebPosition, WebTrends Marketing Warehouse, alone and/or in combination with other WebTrends products or services.

13.     Upon information and belief, WebTrends has had notice of the '510 Patent and its infringement of the '510 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

14.     As a result of WebTrends' infringement of the '510 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

15.     Unless an injunction is issued enjoining WebTrends and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '510 Patent, NetRatings will be irreparably harmed.

16.     Upon information and belief, with full knowledge of the '510 Patent, WebTrends willfully and wantonly infringed the '510 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT II

### (Infringement of United States Patent No. 6,115,680)

17.     NetRatings repeats the allegations contained in Paragraphs 1 through 16 as though fully set forth herein.

18.     Upon information and belief, WebTrends has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '680 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or

more of its products, including, but not limited to, WebTrends Analytics 8, WebTrends 7, WebTrends Reporting Series, WebTrends Marketing Lab, SmartSource Data Collector and Data Management, WebPosition, WebTrends Marketing Warehouse, alone and/or in combination with other WebTrends products or services.

19. Upon information and belief, WebTrends has had notice of the '680 Patent and its infringement of the '680 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

20. As a result of WebTrends' infringement of the '680 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

21. Unless an injunction is issued enjoining WebTrends and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '680 Patent, NetRatings will be irreparably harmed.

22. Upon information and belief, with full knowledge of the '680 Patent, WebTrends willfully and wantonly infringed the '680 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT III

### (Infringement of United States Patent No. 6,108,637)

23. NetRatings repeats the allegations contained in Paragraphs 1 through 22 as though fully set forth herein.

24. Upon information and belief, WebTrends has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '637 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or

more of its products, including, but not limited to, WebTrends Analytics 8, WebTrends 7, WebTrends Reporting Series, WebTrends Marketing Lab, SmartSource Data Collector and Data Management, WebPosition, WebTrends Marketing Warehouse, alone and/or in combination with other WebTrends products or services.

25. Upon information and belief, WebTrends has had notice of the '637 Patent and its infringement of the '637 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

26. As a result of WebTrends' infringement of the '637 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

27. Unless an injunction is issued enjoining WebTrends and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '637 Patent, NetRatings will be irreparably harmed.

28. Upon information and belief, with full knowledge of the '637 Patent, WebTrends willfully and wantonly infringed the '637 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

### COUNT IV

**(Infringement of United States Patent No. 6,138,155)**

29. NetRatings repeats the allegations contained in Paragraphs 1 through 28 as though fully set forth herein.

30. Upon information and belief, WebTrends has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '155 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or

more of its products, including, but not limited to, WebTrends Analytics 8, WebTrends 7, WebTrends Reporting Series, WebTrends Marketing Lab, SmartSource Data Collector and Data Management, WebPosition, WebTrends Marketing Warehouse, alone and/or in combination with other WebTrends products or services.

31. Upon information and belief, WebTrends has had notice of the '155 Patent and its infringement of the '155 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

32. As a result of WebTrends' infringement of the '155 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

33. Unless an injunction is issued enjoining WebTrends and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '155 Patent, NetRatings will be irreparably harmed.

34. Upon information and belief, with full knowledge of the '155 Patent, WebTrends willfully and wantonly infringed the '155 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT V

### (Infringement of United States Patent No. 6,763,386)

35. NetRatings repeats the allegations contained in Paragraphs 1 through 34 as though fully set forth herein.

36. Upon information and belief, WebTrends has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '386 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or

more of its products, including, but not limited to, WebTrends Analytics 8, WebTrends 7, WebTrends Reporting Series, WebTrends Marketing Lab, SmartSource Data Collector and Data Management, WebPosition, WebTrends Marketing Warehouse, alone and/or in combination with other WebTrends products or services.

37. Upon information and belief, WebTrends has had notice of the '386 Patent and its infringement of the '386 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

38. As a result of WebTrends' infringement of the '386 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

39. Unless an injunction is issued enjoining WebTrends and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '386 Patent, NetRatings will be irreparably harmed.

40. Upon information and belief, with full knowledge of the '386 Patent, WebTrends willfully and wantonly infringed the '386 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, NetRatings prays for judgment and relief as follows:

A. A declaration that WebTrends has infringed, is infringing, has induced and is inducing, and has contributed and is contributing to the infringement of United States Patent Nos. 5,675,510; 6,115,680; 6,108,637; 6,138,155; and 6,763,386 (collectively, the "patents in suit");

B.  A preliminary and permanent injunction enjoining WebTrends, its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the patents in suit;

C.  An award of damages in favor of NetRatings and against WebTrends sufficient to fully compensate NetRatings for WebTrends' infringement of the patents in suit and an assessment of prejudgment interest and post-judgment interest;

D.  A finding by the Court that WebTrends' infringement of the patents in suit is willful, and an award of enhanced damages pursuant to 35 U.S.C. § 284;

E.  Trebling the compensatory damages due NetRatings;

F.  A finding by the Court that this is an exceptional case under 35 U.S.C. § 285 and an award to NetRatings of its attorneys' fees, costs and expenses in this action; and

G.  Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

NetRatings hereby demands a trial by jury of all issues so triable.

DATED this 5th day of October, 2006.

Respectfully submitted,

KOLISCH HARTWELL, P.C.

By  *David Cooper* /EMT
David P. Cooper
Attorneys for plaintiff NetRatings, Inc.